UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 22-20170-CR-SCOLA

UNITED STATES OF AMERICA,

vs.

GZUNIGA, LTD. and
NANCY TERESA GONZALEZ de BARBERI,

        **Defendants.**
_____/

GOVERNMENT RESPONSE TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING

The Government opposes defendants' GZUNIGA, LTD. and NANCY TERESA GONZALEZ DE BARBERI'S motion to continue the sentencing hearing in the above captioned case and would show:

1. Defense counsel has moved for a continuance on the grounds that they need more time to "address the myriad of issues presented in the PSR," and he is scheduled to commence trial in the matter entitled *United States v. Mariel Tollinchi,* 9:22-cr-80144-RS-2, before Judge Rodney Smith, the same day as the sentencing hearing in the above captioned case is to proceed. D.E-43.

2. The individual movant is enlarged on bond. Codefendant Diego Mauricio Rodriguez Giraldo is represented on Motion as joining in the relief requested, although he has not formally filed in that regard. He is currently being held at FDC Miami. The third individual co-defendant was recently extradited to the United Staes, was arraigned on January 18, 2024, and is also being held in pre-trial detention at FDC Miami.

3. The scheduling conflict at issue is of attorney Rabin's own making. On November 17, 2023, this Court set the *Gzuniga/Gonzalez* cases for their sentencing hearing on February 5, 2023, after accepting guilty pleas from both defendants. On December 18, 2023, a full month

later, the Honorable Rodney Smith, clearly unaware of the prior scheduling commitment of defense counsel, granted attorney Rabin's motion to continue the trial of the cause entitled *United States v. Mariel Tollinchi,* 9:22-cr-80144-RS-2. That single defendant matter had already been continued several times at the request of the defense and was then scheduled to go to trial on January 2, 2023. The United States does not contest that compelling grounds existed for that continuance but does question why the Motion mentioned only a possible trial conflict for one of the co-counsel therein for January 29, 2024, and made no mention of the current matter, which had been long set by this Honorable Court, thereby setting the stage for the scheduling conflict. Id., D.E.-533 n. 2 (and accompanying text). The projected length of trial and proffered dates virtually guaranteed the current conflict. Id.

4. The draft presentence investigation reports (PSRs) were provided in a timely manner on January 17 and 18, 2024, giving the defense more than sufficient opportunity to submit written objections and prepare for the sentencing hearing. Furthermore, the Fish and Wildlife Reports of Investigation from which the offense conduct narrative included in the PSR was drawn, were provided to defense counsel by the government on 9/28/2023.

5. On Motion, counsel implies the government gave no indication of the scheduling issues that affected the "timing." This is incorrect. Counsel was advised that government counsel in fact had a conflict with his proposed alternative dates, but also needed to confer with co-counsel from the Department of Justice to sort out possible conflict-free alternatives. Additionally, the government needed to consult with the likely witnesses to be called at the hearing, to determine their availability for a range of possible dates – something that could not be accomplished instantaneously. Counsel was asked to provide alternative dates when the defense would be available, which were neither provided then or in the instant motion. As a result, government

counsel indicated their objection to the instant Motion and advised that a response would be filed and government counsel would take care of providing conflict dates.

6. Consistent with that commitment, and this Court's intervening Order, D.E.-44, government counsel would advise they presently have conflicts on future dates as follows:

Government counsel and witnesses have a conflict from February 18 through March 13, 2024, based on military orders for an agent witness and a pre-paid annual leave of counsel.

Undersigned AUSA is specially set before the Honorable Kathleen M. Williams in *United States v. Keo*, et al, Case No. 22-20340-CR-KMW on March 11, 2024, per D.E.-171, entered September 6, 2023, which likely will last approximately a week to ten days.

Thereafter, the government has conflicts based on a training assignment for an agent witness and pre-paid annual leave for counsel and agents for the period from March 29 through April 18th.

Wherefore, the Government opposes defendants' motion to continue the sentencing hearing. Should the Court grant the pending Motion the government requests the hearing be set to the earliest date convenient to the Court, consistent with the foregoing list of conflicts.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961- 9413
Thomas.watts-fitzgerald@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ T. Watts-FitzGerald
Assistant United States Attorney